# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| SHELIA DEAN OSANN and <br> PAUL OSANN, <br><br> Plaintiffs, <br><br> v. <br><br> SEVIER COUNTY, TENNESSEE, <br> DEPUTY WALKER MARSHALL, and <br> SHERIFF RONALD L. SEALS, <br><br> Defendants. | No. 3:16-CV-00633 <br> REEVES/GUYTON |

## MEMORANDUM OPINION

Plaintiff, Shelia Osann, acting *pro se*, brings this action against Sevier County and two of its officers, Sheriff Ronald L. Seals, and Deputy Walker Marshall. Osann alleges that Marshall used excessive force against her in violation of her Fourteenth Amendment right to Due Process, giving rise to federal liability pursuant to 42 U.S.C. § 1983. Osann further alleges the use of excessive force was the result of Sevier County's official policies and customs. Defendants move to dismiss all claims asserted in Osann's complaint as time-barred under the applicable statutes of limitations. For the reasons that follow, the court finds that Osann's complaint is time-barred, and it will be dismissed.

# I. Background

For purposes of reviewing defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court accepts as true all factual allegations in the Amended Complaint, which states in relevant part, as follows:

On June 21, 2014, Deputy Marshall made at least three visits to plaintiff's residence for complaints of loud music. On either the third or fourth visit, after some discussion with officers, Osann alleges that she "was grabbed and dropped to the ground" by Marshall after she told Marshall she would report the visits to Marshall's supervisor.

Marshall's incident report states that Osann fainted in his arms, he administered a sternum rub, checked for proper breathing and pulse, and called for an ambulance after Osann complained of numbness. Osann was transported to LeConte Medical Center for an examination. She was released with instructions to follow up with her primary care provider. Upon discharge from LeConte Medical Center, Marshall arrested and charged Osann with disorderly conduct. Osann was transported to the Sevier County Jail where she was booked at approximately 4:23 a.m. on June 22, 2014. After release from the Sevier County Jail, Osann went to Jefferson Memorial Hospital on June 26, 2014, where she alleges she was diagnosed with multiple injuries.

Osann filed her original complaint on June 17, 2015. On October 29, 2015, Osann voluntarily dismissed that complaint. On October 28, 2016, Osann filed a second complaint alleging the same claims based on the same events and facts [R. 2]. Osann did not sign her complaint filed on October 28, 2016. Instead, the complaint was signed by

Paul Osann[1]. On November 2, 2016, the clerk sent an Administrative Notice to Osann with instructions to correct several defects, including the requirement that Osann sign the complaint herself, by November 7, 2016 [R. 4]. Osann did not comply and defendants filed a motion to strike the complaint on November 29, 2016 [R. 9]. Osann responded with an Amended Complaint on December 7, 2016 [R. 10]. The Amended Complaint was signed by Osann. Defendants now move to dismiss Osann's Amended Complaint as untimely.

## II. Standard of Review

Defendants move to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Rule 12(b)(6) requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of her claims that would entitle her to relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir. 1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions.

---

[1] Although the caption of the complaint includes the name of Paul Osann, Mr. Osann is not mentioned in any of the factual allegations of the complaint; nor is there any claim for relief on behalf of Mr. Osann. Therefore, the court considers the complaint brought by Sheila Osann only.

3

*Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.*

### III. Analysis

The one-year statute of limitations set forth in Tenn. Code Ann. § 28-3-104(a)(3) applies to civil rights claims arising in Tennessee. *Jackson v. Richards Med. Co.*, 961 F.2d 575, 578 (6th Cir. 1992). Claims under the Tennessee Governmental Tort Liability Act are also subject to a one-year statute of limitations. Tenn. Code Ann. § 29-20-305. It is undisputed that Osann's original complaint was filed within the one-year statute of limitations, but later voluntarily dismissed by Osann on October 29, 2015. The issue before the court is whether Osann's second complaint satisfied the requirements of the Tennessee Savings Statute, Tenn. Code Ann. § 28-1-105(a).

The Savings Statute confers upon a plaintiff who files a second action within one year of a voluntary nonsuit of a first action the same procedural and substantive benefits that were available to the plaintiff in the first action. *Cronin v. Howe*, 906 S.W.2d 910, 913 (Tenn. 1995). Osann's first lawsuit was voluntarily dismissed on October 29, 2015. Osann submitted a second complaint on October 28, 2016, within one year of voluntarily dismissing her original complaint. However, that complaint was deficient and failed to save her claims.

An action is commenced when a complaint is properly filed with the court. *See Dolan v. United States*, 514 F.3d 587 (6th Cir. 2008). To commence an action, a *pro se* plaintiff must sign the complaint herself. Tenn. R. Civil P. 11.01(a); *Old Hickory Eng. &*

4

*Mach. Co.* v. Henry, 937 S.W.2d 782 (Tenn. 1996) (A party who is not represented by an attorney shall sign her pleading, motion or other paper). Failure to sign a complaint is a technical deficiency that must be corrected promptly after notice is given of the defect. Tenn. R. Civ. P. 11.01(a). When a court gives instructions to cure a defect in the complaint, and allows for prompt correction, an amended complaint that is properly accepted relates back to the original date the defective complaint was filed. *Gonzales v. Wyatt*, 157 F.3d 1016 (5th Cir. 1998).

Although Osann's second complaint was signed by Paul Osann, Mr. Osann is not a licensed attorney. A complaint is void when it is filed by someone, on behalf of another, who is not authorized to practice law or otherwise commence an action on another's behalf. *See Bivins v. Hosp. Corp. of Am.*, 910 S.W2d 441, 446 (Tenn.Ct.App. 1995) (Proceedings in a suit by a person not entitled to practice are a nullity). Considering facts similar to the instant case, the Tennessee Court of Appeals recently confirmed that a complaint signed by a non-attorney representative does not commence a lawsuit for the purpose of tolling the statute of limitations, even if the plaintiff subsequently corrects the error by having a licensed attorney sign and file an amended complaint pursuant to Tenn. R. Civ. P. 11. *Beard v. Branson*, 2016 WL 1292904 (Tenn.Ct.App. Mar. 31, 2016).

Pursuant to Tennessee law, the court finds Osann did not commence her suit in time for the Savings Statute to apply. When the prior suit was voluntarily dismissed on October 29, 2015, Osann had one year to file a valid complaint based on the same facts. Osann submitted a complaint on October 28, 2016, one day before the deadline. However, Osann failed to sign the complaint. Although her husband signed the complaint, he is not a

licensed attorney. Without a signature by either Osann herself or a licensed attorney, the complaint did not commence a second suit under Tennessee law. Osann was afforded time to correct her mistake, but she failed to do so within the time allowed by the court. It was not until she was faced with a motion to strike that she submitted an Amended Complaint. Osann's Amended Complaint is too late. Because she failed to commence her second suit by October 29, 2016, the Tennessee Savings Statute does not apply, and Osann's § 1983 claims are time-barred. In addition, the rule in Tennessee is that the Savings Statute may not be applied to extend the period within which an action must be filed under the Tennessee Governmental Tort Liability Act. *See Lynn v. City of Jackson*, 63 S.W.3d 332, 337 (Tenn. 2001).

Accordingly, defendants' motion to dismiss [R. 14] is **GRANTED**, and this action is **DISMISSED in its entirety, with prejudice**.

**ORDER TO FOLLOW.**

_____
**UNITED STATES DISTRICT JUDGE**