# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SHELIA DEAN OSANN and <br> PAUL OSANN, <br><br> Plaintiffs, <br><br> v. <br><br> SEVIER COUNTY, TENNESSEE, <br> DEPUTY WALKER MARSHALL, and <br> SHERIFF RONALD L. SEALS, <br><br> Defendants. | No. 3:16-CV-00633 <br> REEVES/GUYTON |

## MEMORANDUM OPINION

Plaintiff, Shelia Osann, acting *pro se*, brings this action against Sevier County and two of its officers, Sheriff Ronald L. Seals, and Deputy Walker Marshall. Osann alleges that Marshall used excessive force against her in violation of her Fourteenth Amendment right to Due Process, giving rise to federal liability pursuant to 42 U.S.C. § 1983. Osann further alleges the use of excessive force was the result of Sevier County's official policies and customs. Defendants move for summary judgment on all claims asserted in Osann's complaint. For the reasons that follow, the court finds that Deputy Marshall did not use excessive force during Osann's arrest, and that all defendants are entitled to summary judgment.

## I. Background

On June 21, 2014, Marshall made three visits to Osann's residence for complaints of loud music. On the third visit, Marshall accompanied by another deputy, attempted to speak with Osann regarding the noise complaints. Osann was uncooperative and advised Marshall that she was upset about the previous calls. After some discussion with Osann, Marshall made the decision to place Osann into custody for disorderly conduct. While Marshall was holding Osann's arms, she slumped against him, and Marshall lowered her to the ground. Osann, on the other hand, alleges that she "was grabbed and dropped to the ground" by Marshall after she told Marshall she would report the visits to Marshall's supervisor.

Marshall's incident report states that Osann fainted in his arms, he administered a sternum rub, checked for proper breathing and pulse, and called for an ambulance after Osann complained of numbness. Osann was transported to LeConte Medical Center for an examination. She was released with instructions to follow up with her primary care provider. Upon discharge from LeConte Medical Center, Marshall arrested and charged Osann with disorderly conduct. Osann was transported to the Sevier County Jail where she was booked at approximately 4:23 a.m. on June 22, 2014. After release from the Sevier County Jail, Osann went to Jefferson Memorial Hospital on June 26, 2014, where she alleges she was diagnosed with multiple injuries.

Osann filed this § 1983 action against Sevier County, Sheriff Seals, and Deputy Marshall in their individual and official capacities. Osann alleges Marshall used excessive force in violation of her Fourteenth Amendment right to Due Process. She also alleges

Sheriff Seals and the County violated her Fourteenth Amendment rights by virtue of their failure to train Marshall, the Sheriff's Office attempt to cover-up the incident, and the Sheriff's Office "history of prior incidences" in which its officers used excessive force.

Defendants' motion for summary judgment contained evidence, including video footage of the incidents at Osann's residence. A video taken by Deputy Nottage during the attempted arrest of Osann shows that Marshall warned Osann that he would arrest her if she continued to argue and call the deputies names. Despite family members encouraging her to go inside the residence, Osann continued to argue with the deputies. Marshall moved behind Osann and secured her arms. As Marshall began turning her, Osann slumped against Marshall, and he lowered her to the ground. Later in the video, Osann can be heard telling paramedics that she "fell backwards."

## II. Standard of Review

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 330 n. 2 (1986); *Moore v. Philip Morris Co., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and inferences to be drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Keifer*, 301 F.3d 937, 942 (6th Cir. 2002).

Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. *Celotex*, 477 U.S. at 317. To establish a genuine issue as to the existence of a particular element, the nonmoving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the factfinder. *Id.* at 250. The court does not weigh the evidence or determine the truth of the matter. *Id.* at 249. Nor does the court search the record "to establish that it is bereft of a genuine issue of fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

### III. Analysis

#### A. Excessive Force Claim

To establish a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law. *Burley*

4

*v. Gagacki,* 729 F.3d 610, 619 (6th Cir. 2013). Osann alleges that Marshall used excessive force in violation of her rights under the Fourteenth Amendment.

Defendant Marshall contends his conduct in arresting Osann did not amount to excessive force, and he raises the defense of qualified immunity.

Qualified immunity generally protects government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional law of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The plaintiff bears the ultimate burden of proving that a defendant is not entitled to immunity. *Gardenhire v. Schubert,* 205 F.3d 303, 311 (6th Cir. 2000). In determining whether a particular defendant is immune from civil liability, the court must decide (1) whether the defendant violated a constitutional right, and (2) whether that constitutional right was clearly established at the time of the defendant's alleged misconduct. *Estate of Carter v. City of Detroit*, 408 F.3d 305, 310 (6th Cir. 2005). The court may address these questions in any order. *Pearson v. Callahan,* 555 U.S. 223, 236 (2009). To show that qualified immunity does not apply, a plaintiff must produce "sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of clearly established constitutional rights." *Andrews v. Hickman Cnty,* 700 F.3d 845, 853 (6th Cir. 2012).

Discussion of the first prong for qualified immunity starts by identifying the appropriate constitutional right at issue. Osann's amended complaint mistakenly states that this action arises out of the Eighth Amendment and the Due Process clause of the Fourteenth Amendment. Neither amendment applies. The Supreme Court has held that

5

all claims that law enforcement officers have used excessive force in the course of an arrest should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a substantive due process approach. *Graham v. Connor*, 490 U.S. 386, 395 (1989).

The record in this case includes a videotape capturing the events in question. When the record contradicts the plaintiff's version of events so that no reasonable jury could believe it, the court will not adopt plaintiff's version of the facts for purposes of ruling on summary judgment. *Scott v. Harris,* 550 U.S. 372, 380 (2007).

Upon careful viewing of the video, the court concludes that Marshall is entitled to qualified immunity because the video evidence of the incident shows that Marshall did not use excessive force in his attempt to place Osann into custody. The video shows that Marshall warned Osann that he would arrest her if she continued to argue and call the deputies names. Osann was belligerent and uncooperative with the deputies. Despite family members encouraging her to go inside, Osann continued to argue with the deputies. Marshall moved behind Osann and grabbed her arms. As Marshall began turning her by her arms, Osann slumped against Marshall and he lowered her to the ground. Osann appeared to be unconscious. When she started moaning, Marshall called for paramedics and monitored her until paramedics arrived. While talking with the paramedics, Osann states that she "fell backwards."

The video confirms defendants' version of the events. Osann's version of events is so utterly discredited by the record that no jury could believe her. Because the video clearly

contradicts Osann's account of events, the court finds that Marshall did not use excessive force; no constitutional violation occurred; and he is entitled to qualified immunity.

## B. Claim Against Sheriff Seals

Osann alleges that Sheriff Seals "was responsible for the administration of the Sevier County deputies and for the hiring, supervision, training, discipline and control of all persons working for the Sheriff's Department."

It has long been established that a supervisor cannot be found liable based solely on the right to control employees or even on an awareness of misconduct. *McQueen v. Beecher Cmty. Sch.,* 433 F.3d 460, 470 (6th Cir. 2006). A supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it. *Id.*

Osann has not alleged any active unconstitutional behavior by Sheriff Seals. She has not alleged that he encouraged any particular unconstitutional conduct or otherwise actively participated in conduct that deprived Osann of her constitutional rights. To survive summary judgment, Osann must show that Sheriff Seals had actual knowledge of a violation and actively did something to contribute to it. Because she fails to show that Sheriff Seals was involved in any such activity, summary judgment will be granted to Sheriff Seals.

## C. Claim Against Sevier County

Osann also alleges claims against Sevier County for failure to train Marshall, the Sheriff's Office attempt to cover-up the incident, and the Sheriff's Office "history of prior

7

incidences" in which its officers used excessive force. Because Osann has not established that a constitutional violation occurred with respect to her claim of excessive force, her claim against Sevier County must also be dismissed. A municipality cannot be liable under § 1983 absent an underlying constitutional violation by its officers. *See Blackmore v. Kalamazoo Cty,* 390 F.3d 890, 900 (6th Cir. 2004).

**D. Claim of Paul Osann**

Defendants argue that Paul Osann should be dismissed from this lawsuit for failure to state a claim. Paul Osann is the husband of plaintiff Shelia Osann. In their response, the Osanns state they have no objection to Paul Osann being dismissed form the lawsuit "as he did in fact not state a claim."

**E. GTLA Claims**

In its previous order, the court found that the Tennessee Savings Statute was not applicable to Osann's GTLA claims, and those claims were not reinstated. Osann does not challenge that finding.

**Conclusion**

Accordingly, defendants' motion for summary judgment [R. 39] is **GRANTED**, and this action is **DISMISSED in its entirety, with prejudice**.

Osann's motions to continue the trial of this matter [R. 46, 47] are **DENIED as moot.**

**ENTER. ORDER TO FOLLOW.**

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE