UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SHELIA DEAN OSANN, and PAUL OSANN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:16-cv-633-PLR-HBG ) |
| SEVIER COUNTY, TENNESSEE, *et al.,* | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order [Doc. 61] of the Chief District Judge.

Now before the Court is Plaintiff Sheila Osann's Application to Appeal In Forma Pauperis [Doc. 56]. Specifically, Plaintiff Osann seeks to appeal the Chief District Judge's ruling that Defendant did not use excessive force on June 22, 2014, when he attempted to place her under arrest.

Federal Rule of Appellate Procedure 24(a)(1) provides that a party in a civil action "who desires to appeal in forma pauperis must file a motion in the district court." In addition, Rule 24(a)(2) states that "[i]f the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise." Fed. R. App. P. 24(a)(2). "If the district court denies the motion, it must state its reasons in writing." *Id.* Further, Rule 24(a)(3) states:

> A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless the district court—before or

> after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauper and states in writing its reasons for the certification or finding.

*See also* 28 U.S.C. § 1915(a)(3) (providing that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

As an initial matter, the Court notes that Plaintiff Osann was permitted to proceed in forma pauperis upon the filing of the Complaint. The Court has reviewed the instant Application, and Plaintiff Osann's financial status has not changed for purposes of proceeding in forma pauperis. The Court, however, finds that Plaintiff Osann's appeal is not taken in good faith. *See Shepard v. Morvzin*, No. 16-3236, 2016 WL 10592246, at *1 (6th Cir. Dec. 9, 2016) (explaining that "[a] frivolous appeal, one that 'lacks an arguable basis either in law or in fact,' would not be taken in good faith") (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Specifically, Plaintiff Osann alleged that Defendant Marshall used excessive force against her when he attempted to place under arrest. The Chief District Judge found, "The video confirms defendants' version of the events. Osann's version of events is so utterly discredited by the record that no jury could believe her. Because the video clearly contradicts Osann's account of events, the court finds that Marshall did not use excessive force; no constitutional violation occurred; and he is entitled to qualified immunity." [Doc. 52 at 6-7]. Further, the Chief District Judge found that "Osann ha[d] not alleged any active unconstitutional behavior by Sheriff Seals" and because her constitutional claims failed, so does her claims against Sevier County. [*Id.* at 7-8]. Given the above findings by the Chief District Judge, the undersigned does not find that Plaintiff Osann's

appeal to be in good faith, and therefore, the Court **RECOMMENDS**[1] that the Application to Appeal In Formal Pauperis [**Doc. 56**] be **DENIED**.

Respectfully submitted,

_____
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).